2021R01134/NKP/CW

RECEIVED
JUN 27 2023
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| | : | |
| | : | Crim. No. 23-505-01 (MAS) |
| v. | : | |
| | : | |
| DHRUV RALHAN | : | 18 U.S.C. § 371 |
| | : | 21 U.S.C. §§ 331(a) and 333(a)(2) |

# INFORMATION

The Defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
(Conspiracy to Introduce Misbranded Drugs into Interstate Commerce and to Defraud the United States)

### BACKGROUND

1. Unless otherwise indicated, at all times relevant to this Information:

**The Defendant, Relevant Entities, and a Co-Conspirator**

a. Defendant DHRUV RALHAN ("RALHAN") was a resident of Florida and a pharmaceutical sales broker.

b. Gentek LLC ("Gentek") was a limited liability company organized under the laws of Connecticut. Gentek purported to provide legitimate prescription drugs, including expensive HIV medication, to wholesale distributors of pharmaceutical products.

c. My Meds LLC ("My Meds") was a limited liability company organized under the laws of Pennsylvania. My Meds purported to provide

legitimate prescription drugs, including expensive HIV medication, to wholesale distributors of pharmaceutical products.

    d. "Wholesale Company 1" was a corporation organized under the laws of California. Wholesale Company 1 purported to provide legitimate prescription drugs, including expensive HIV medication, to wholesale distributors of pharmaceutical products.

    e. Lazaro Roberto Hernandez ("Hernandez"), a/k/a "Rob" and "Laz," a co-conspirator not named in this Information, was a resident of Miami-Dade County, Florida. Hernandez was a beneficial owner, operator, and agent of Gentek, My Meds, Wholesale Company 1, and other purported wholesale distributors of pharmaceutical products.

    f. "Wholesale Company 2" was a corporation organized under the laws of New York. Wholesale Company 2 was a wholesale distributor of pharmaceutical products with a principal place of business in Brooklyn, New York.

### The Food, Drug, and Cosmetic Act

    g. The U.S. Food and Drug Administration was the federal agency responsible for protecting the health and safety of the American public by, among other things, regulating the distribution and sale of prescription drugs and enforcing the Food, Drug, and Cosmetic Act ("FDCA"). One purpose of the FDCA was to ensure that drugs sold for use by humans were safe, effective, and bore labeling containing only true and accurate information.

h.  Federal law, including Title 21, United States Code, Section 360eee-1, generally required that prescription drugs sold in the United States be accompanied by product tracing information, which consisted of transaction information, transaction history, and a transaction statement. The product tracing information identified, among other things, the product, quantity, lot number, strength and dosage, date of each sale, and parties to each transaction. Such product tracing information was commonly referred to in the industry as "T3s" or "pedigrees."

i.  Under the FDCA, "drugs" were defined as, among other things, articles intended for use in the cure, mitigation, treatment, or prevention of disease, pursuant to Title 21, United States Code, Section 321(g)(1)(B). A "prescription drug" was any drug intended for use in humans that, because of its toxicity or potential for harmful effect, the method of its use, or the collateral measures necessary for its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug, or was limited by an approved application under Title 21, United States Code, Section 355 to use under the professional supervision of a practitioner licensed by law to administer such drug, pursuant to Title 21, United States Code, Section 353(b)(1).

j.  The introduction or delivery for introduction, or the causing thereof, into interstate commerce of any drug that was misbranded was a violation of federal law, pursuant to Title 21, United States Code, Section 331(a).

k.  A drug was misbranded if, among other things, its labeling was false or misleading in any particular, pursuant to Title 21, United States

Code, Section 352(a)(1). A "label" was written, printed, or graphic matter upon the immediate container of the drug, while "labeling" was a broader term that included all labels and other written, printed, or graphic matter upon the drug or any of its containers or wrappers, or that accompanied the drug, pursuant to Title 21, United States Code, Section 321(k) and (m).

### Prescription Drug Diversion

1. The term "prescription drug diversion" referred to the various ways in which prescription drugs were removed from regulated distribution channels and subsequently reintroduced into the wholesale marketplace. Common methods of prescription drug diversion included, but were not limited to, acquiring the drugs illegally through fraud or from individual patients for whom the prescription drugs had been prescribed and dispensed but intentionally not consumed. These diverted drugs were then reintroduced into the wholesale marketplace with false documentation concealing their true source and eventually dispensed to individual consumers by pharmacies, which also typically billed the drugs to "health care benefit programs," as defined by Title 18, United States Code, Section 24(b). Once diverted from the regulated distribution channel, it became difficult for regulators and consumers to know whether a prescription drug was altered, stored in improper conditions, had its potency adversely affected, or was otherwise harmful.

**The Conspiracy**

2.    From in or around June 2020 through in or around October 2021, in the District of New Jersey and elsewhere, defendant

**DHRUV RALHAN**

knowingly and intentionally conspired with Hernandez and others:

(1) to commit an offense against the United States, that is, with the intent to defraud and mislead, to introduce and deliver for introduction into interstate commerce, and cause to be introduced and delivered for introduction into interstate commerce, misbranded drugs, contrary to 21 U.S.C. §§ 331(a) and 333(a)(2); and

(2) to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the U.S. Food and Drug Administration in its oversight and regulation of the interstate sale and distribution of drugs in the United States and its efforts to safeguard the health and safety of consumers who purchase drugs in the United States.

**Goal of the Conspiracy**

3. It was a goal of the conspiracy for defendant RALHAN and his co-conspirators to unlawfully enrich themselves by obtaining, selling, and distributing misbranded and diverted prescription drugs as if they had been acquired through legitimate channels of distribution and concealing accurate information about the source of those prescription drugs from potential consumers and health care benefit programs.

**Manner and Means of the Conspiracy**

4. The manner and means by which defendant RALHAN and his co-conspirators sought to accomplish the goal of the conspiracy included, among other things, the following:

    a. RALHAN, Hernandez, and others obtained prescription drugs, including expensive HIV medication.

    b. RALHAN, Hernandez, and others falsified the product tracing information for those prescription drugs, including for the expensive HIV medication.

    c. RALHAN and others presented the falsified product tracing information for the prescription drugs to co-conspirators and wholesale distributors to make it appear as though the prescription drugs had been acquired through legitimate and regulated channels of distribution.

    d. RALHAN, Hernandez, and others then introduced these misbranded drugs into interstate commerce by selling and distributing them to co-conspirators and others at various wholesale distributors at steep discounts,

far below the pricing available when such drugs were acquired through legitimate channels of distribution.

   e. RALHAN, Hernandez, co-conspirators at wholesale distributors, and others resold and shipped misbranded drugs, along with their falsified documentation, to pharmacies located throughout the United States, which billed health care benefit programs for the drugs and dispensed them to consumers.

   f. RALHAN and his co-conspirators sold at least $175 million worth of misbranded drugs, including expensive HIV medication, on behalf of Gentek, My Meds, Wholesale Company 1, Wholesale Company 2, and other entities.

### Overt Acts

5. In furtherance of the conspiracy, and to achieve its unlawful object, at least one member of the conspiracy committed and caused to be committed, in the District of New Jersey and elsewhere, at least one of the following overt acts:

   a. On or about October 27, 2020, RALHAN sent a co-conspirator an encrypted text message offering to sell diverted drugs, stating, "There is some [T]ruvada coming to you as well.  Same conditions.  If you don't sell in 60 days we take it back.  Net 25 day terms[.]  [Wholesale acquisition cost] -19%[.]  10 or so are already sold."

   b. On or about October 27, 2020, RALHAN sent a co-conspirator an encrypted text message requesting a $1 million payment for diverted drugs.

7

      c.     On or about March 15, 2021, RALHAN sent a co-conspirator located in the District of New Jersey encrypted text messages directing him to send diverted drugs from Wholesale Company 2 to pharmacies located in California and Florida.

      d.     On or about March 15, 2021, a co-conspirator located in the District of New Jersey caused diverted drugs from the conspiracy to be sent from Wholesale Company 2 to pharmacies located in California and Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Causing the Introduction into Interstate Commerce of a Misbranded Drug with Intent to Defraud)

6.  The allegations in paragraphs 1 and 3 through 5 above are realleged here.

7.  On or about March 15, 2021, in the District of New Jersey and elsewhere, defendant

**DHRUV RALHAN**

knowingly and intentionally and with intent to defraud, introduced or caused to be introduced into interstate commerce a prescription drug that was misbranded.

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

## **FORFEITURE ALLEGATIONS FOR COUNTS ONE AND TWO**

1.  The allegations contained in this Information are realleged here for the purpose of alleging forfeiture.

2.  Upon conviction of any violation of 21 U.S.C. § 331, or a conspiracy to commit such an offense, relating to a health care benefit program, as alleged in this Information, defendant

**DHRUV RALHAN**

shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7).

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant 21 U.S.C. § 853(p).

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

REBECCA YUAN
Acting Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice

NICHOLAS K. PEONE
CHRISTOPHER WENGER
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

CASE NUMBER: 23-505-01 (MAS)

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

DHRUV RALHAN

## INFORMATION FOR

**18 U.S.C. § 371**
**21 U.S.C. §§ 331(a) and 333(a)(2)**

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

NICHOLAS K. PEONE
CHRISTOPHER WENGER
TRIAL ATTORNEYS
(202) 923-7818