

U.S. Department of Justice
Criminal Division
*Fraud Section*

January 4, 2023

Adam Schwartz, Esq.
Carlton Fields, P.A.
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, Florida 33607-5780

/RECEIVED

JUN 2 7 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Re:   Plea Agreement with Dhruv Ralhan
      Criminal Action No. 23-505-01 (MAS)

Dear Mr. Schwartz:

This letter sets forth the plea agreement between your client, Dhruv Ralhan ("Ralhan"), and the U.S. Department of Justice, Criminal Division, Fraud Section ("this Office"). This offer will expire on January 18, 2023, if it is not accepted in writing by that date. If Ralhan does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Ralhan to a two-count Information charging Ralhan with (1) one count of conspiracy to introduce misbranded drugs and to defraud the United States, in violation of 18 U.S.C. § 371, and (2) one count of introduction into interstate commerce of a misbranded drug with intent to defraud, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2). If Ralhan enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Ralhan related to conduct Ralhan disclosed to law enforcement that occurred from in or around January 2020 through in or around October 2021.

However, if a guilty plea in this matter is not entered for any reason or a guilty plea or the judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Ralhan even if the applicable statute of limitations period for those charges expires after Ralhan signs this agreement, and Ralhan agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which Ralhan agrees to plead guilty carries a statutory maximum prison sentence of five years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 21 U.S.C. § 331(a) to which Ralhan agrees to plead guilty carries a statutory maximum prison sentence of three years under 21 U.S.C. § 333(a)(2). The statutory maximum fine for this offense is (1) $10,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Ralhan is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Ralhan ultimately will receive.

Further, in addition to imposing any other penalty on Ralhan, the sentencing judge as part of the sentence:

(1)   will order Ralhan to pay an assessment of $200 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   may order Ralhan to pay restitution pursuant to 18 U.S.C. (b)(2) or § 3583(d);

(3)   may order Ralhan, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4)   must order forfeiture, pursuant to 18 U.S.C. § 982;

(5)   pursuant to 18 U.S.C. § 3583, may require Ralhan to serve a term of release of not more than three years, which will begin at the

expiration of any term of imprisonment imposed. Should Ralhan be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Ralhan may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Ralhan agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Ralhan agrees to forfeit to the United States all of his right, title, and interest in all property Ralhan obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the conspiracy ~~to commit~~ *NKP* ~~health care fraud in violation of 18 U.S.C. § 1349, as~~ *NKP* charged in the Information. Ralhan further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by Ralhan (the "Money Judgment"). Ralhan consents to the entry of an Order requiring him to pay the Money Judgment and agrees that such Order will be final as to him prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the Ralhan's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Ralhan further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Ralhan waives the requirements of Rules 32.2 and 43(a) of the Federal

Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ralhan understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Ralhan waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Ralhan's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Ralhan further agrees that on or before the date he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Ralhan fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Ralhan has intentionally failed to disclose assets on his Financial Disclosure Statement, Ralhan agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Ralhan by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ralhan's activities and relevant conduct with respect to this case.

Stipulations

This Office and Ralhan will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge is not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Ralhan waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Ralhan understands that, if he is not a citizen of the United States, Ralhan's guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Ralhan understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Ralhan wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Ralhan's removal from the United States. Ralhan understands that Ralhan is bound by this guilty plea regardless of any immigration consequences. Accordingly, Ralhan waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Ralhan also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to this Office and the United States Attorney's Office for the District of New Jersey, and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention

of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Ralhan. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Ralhan.

No provision of this agreement shall preclude Ralhan from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Ralhan received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the entire plea agreement between Ralhan and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

REBECCA YUAN
Acting Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice

By: NICHOLAS K. PEONE
CHRISTOPHER WENGER
Trial Attorneys
Criminal Division, Fraud Section
United States Department of Justice

    I have received this letter from my attorney, Adam Schwartz, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 1/16/2023
DHRUV RALHAN

    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 1/16/23
ADAM SCHWARTZ, Esq.
Counsel for Defendant

Plea Agreement with Dhruv Ralhan

Schedule A

1. This Office and Ralhan recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021 applies in this case.

3. <u>Count 1: Conspiracy to Commit Offense or to Defraud United States:</u> From in or around 2020 through in or around October 2021, in the District of New Jersey and elsewhere, Ralhan conspired with Lazaro Roberto Hernandez (a/k/a "Rob," a/k/a "Laz") and others (1) to commit an offense against the United States, that is, with the intent to defraud and mislead, to introduce and deliver for introduction into interstate commerce, and cause to be introduced and delivered for introduction into interstate commerce, adulterated and misbranded drugs, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) and (2) to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the U.S. Food and Drug Administration in its oversight and regulation of the interstate sale and distribution of drugs in the United States and its efforts to safeguard the health and safety of consumers who purchase drugs in the United States, in violation of 18 U.S.C. § 371.

4. <u>Count 2: Introduction into Interstate Commerce of a Misbranded Drug with Intent to Defraud:</u> On or about March 15, 2021, in the District of New Jersey and elsewhere, Ralhan, with intent to defraud, caused to be introduced and delivered for introduction into interstate commerce a prescription drug that was adulterated and misbranded, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) and 18 U.S.C. § 2.

5. Ralhan knew that Lazaro Roberto Hernandez, and others falsified the product tracing information for prescription drugs, commonly referred to as "T3s" and "pedigrees," and presented the same to co-conspirators and others at wholesale distributors of pharmaceutical products ("wholesale companies") to make it appear as though the prescription drugs had been properly acquired through legitimate and regulated channels of distribution.

6. Ralhan, Lazaro Roberto Hernandez, and others introduced these adulterated and misbranded drugs into interstate commerce by selling and distributing them to co-conspirators and others at various wholesale companies at steep discounts, far below the pricing available when such drugs were acquired through legitimate channels of distribution.

7. Ralhan, Lazaro Roberto Hernandez, co-conspirators at wholesale companies, and others resold and shipped these adulterated and misbranded drugs, along with their falsified documentation, to pharmacies located throughout the United States, which billed health care benefit programs for the drugs and dispensed the drugs to unsuspecting consumers.

8. The applicable guideline to Count 1 and Count 2 is U.S.S.G. § 2B1.1(a)(2). This guideline for both counts carries a Base Offense Level of 6.

9. <u>Grouping:</u> Counts 1 and 2 should be grouped for guideline calculation purposes. *See* USSG §3D1.2. Therefore, the base offense level is 6.

10. Ralhan and his co-conspirators brokered at least $175 million in sales of misbranded drugs. The loss amount is therefore more than $150 million but not more than $250 million, resulting in an increase of 26 levels. *See* U.S.S.G. § 2B1.1(b)(1)(I); *see also id.* § 2B1.1 cmt. 3(F)(v) ("In a case involving a scheme in which . . . (III) goods for which regulatory approval by a government agency was required but not obtained, or was obtained by fraud, loss shall include the amount paid for the property, services or goods transferred, rendered, or misrepresented, with no credit provided for the value of those items or services.").

11. Accordingly, the Guidelines offense level is 32.

12. As of the date of this letter, Ralhan has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Ralhan's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, Ralhan has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Ralhan's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Ralhan enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Ralhan's acceptance of responsibility has continued through the date of sentencing and Ralhan therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Ralhan's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. Accordingly, the parties agree that the total Guidelines offense level applicable to Ralhan is 29 (the "Total Offense Level").

15. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

16. If the term of imprisonment does not exceed 96 months, and except as specified in the next paragraph below, Ralhan will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 87 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

17. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).